■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CHARLES ESTES, Appellant. [609 NYS2d 64] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered August 18, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the provision directing that the term of imprisonment shall be served consecutively to the sentence imposed under Queens County Indictment Number N12973/91 and by substituting therefor a provision that the term of imprisonment shall run concurrently with the sentence imposed under that indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, the evidence was both legally and factually sufficient to support the verdict. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's argument that a new trial is warranted because a prosecution witness testified as to his prior consistent statement is not preserved for appellate review *(see,* CPL 470.05 [2]). Review of this argument in the exercise of our interest of justice jurisdiction is not warranted.

We find that the sentence imposed is excessive to the extent indicated. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.